LABORDE, Judge.
Plaintiff, Jayne Nugent Driggers, filed a petition for separation from bed and board against her husband, defendant, Bruce Ray Driggers, on October 28, 1988. The petition requested that a rule nisi be set to determine whether the plaintiff was entitled to receive alimony pendente lite and whether the plaintiff was entitled to occupy the family home located in Pineville, Louisiana during the pendency of the proceedings. The rule nisi was heard by the trial judge on December 19, 1988. Rendering his decision from the bench, the trial judge fixed alimony pendente lite in the amount of $1,000.00 per month. He also awarded the plaintiff the use of the family home during the pendency of the proceedings. The trial judge further ruled that the defendant was responsible for paying the mortgage payments on the house, but that the plaintiff must reimburse him the total amount of the mortgage payments from her share of the community of acquets and gains at the time the community property is partitioned or the family home is sold. Judgment in accordance with these rulings was signed on February 2, 1989.
Plaintiff now appeals the lower court’s judgment on the narrow ground that it erred in requiring her to reimburse the defendant from her share of the community the total sum of the mortgage payments to be made by him. Plaintiff argues that under Louisiana Civil Code Article 2365 and the jurisprudence construing it, defendant is entitled to be reimbursed for only one-half of those payments. LSA-C.C. art. 2365 provides in pertinent part that:
"If separate property of a spouse has been used to satisfy a community obligation, the spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used.”
Although plaintiff raises a valid argument, we find no need to address it at this point, as it is apparent that the trial court erred in determining at this stage of the proceedings that defendant is entitled to be reimbursed for the mortgage payments which will be made by him. Under LSA-C.C. art. 2356, the community property regime terminates by: (1) the death of a spouse; (2) a judgment of divorce; (3) a judgment of separation from bed and *1067 board; or (4) a judgment of separation of property. Since neither spouse has died and since there has been no judgment of divorce, separation from bed and board, or separation of property in this matter, the community property regime is still in effect between the parties. The determination of reimbursement is untimely at this point in the proceedings because under LSA-C.C. arts. 2358 and 2365, a spouse’s claim for reimbursement cannot be asserted until after the community has been terminated. Accordingly, we conclude that the trial court erred in determining that defendant was entitled to reimbursement for the mortgage payments which he will be responsible for. Our judgment here today does not preclude defendant from claiming reimbursement for the mortgage payments made from his separate funds after the termination of the community.
For the above assigned reasons, we amend the judgment of the trial court to delete any reference to reimbursement owed to defendant for mortgage payments. The fourth paragraph of the judgment is amended and recast to read as follows:
“FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, JAYNE NUGENT DRIGGERS, have the use of the family home located at 112 Washboard Avenue, Pineville, Louisiana, during the pendency of these proceedings and that defendant BRUCE RAY DRIGGERS, pay the monthly mortgage note secured by mortgage on the family home.”
In all other respects, the judgment is affirmed. All costs are to await final determination on the merits.
AFFIRMED AS AMENDED.